# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2024

Lyle W. Cayce
Clerk

No. 23-30629
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ailin Fernanda Rocha Nevarez,

*Defendant—Appellant*,

consolidated with

———————————

No. 23-30675

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Josue Nava,

*Defendant—Appellant.*

———————————————————

Appeals from the United States District Court
for the Western District of Louisiana

USDC Nos. 5:21-CR-295-2,
5:21-CR-295-1

_____

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Ailin Fernanda Rocha Nevarez and Josue Nava appeal the denial of their motions to suppress the evidence, which led to their convictions for possession with intent to distribute 400 grams or more of a mixture or substance containing fentanyl. They argue that the district court erred by denying their motions because the Louisiana State Trooper who stopped them violated their Fourth Amendment rights by extending the stop beyond its purpose in order to conduct a drug investigation.

As a threshold matter, the Government contends that Nava lacks standing to challenge the seizure of the evidence. We disagree. *See Brendlin v. California*, 551 U.S. 249, 251 (2007). Thus, we proceed to the merits of both appellants' arguments.

"When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). All evidence is viewed in the light most favorable to the prevailing party. *United States v. Alvarez*, 40 F.4th 339, 344 (5th Cir. 2022).

The legality of a traffic stop is analyzed in two parts. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). Under this framework, courts ask: (1) "whether the officer's action was justified at its inception;" and (2) "whether the officer's subsequent actions were reasonably related in

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

scope to the circumstances that justified the stop of the vehicle in the first place." *Id.*

Rocha Nevarez's argument that the stop was unlawful from the start because the trooper was part of a roving drug interdiction team is unavailing. The state trooper witnessed Rocha Nevarez drift over the fog line on eastbound Interstate 20 on at least three occasions prior to pulling her over for a traffic violation, the validity of which is uncontested. Even if that was a pretext, the stop did not violate the Fourth Amendment. *See Whren v. United States*, 517 U.S. 806, 810-12 (1996).

While the trooper was speaking to Rocha Nevarez and Nava as part of his traffic investigation, he became suspicious that they were involved in drug activity based on their implausible story regarding their destination, which Nava relayed only after consulting with Rocha Nevarez; their lack of luggage for a lengthy trip; his knowledge and experience with the drug trade routes; and Nava's heavily taped passport card. Before the trooper returned to his vehicle to run their identification information, the other troopers on his team learned that the car had made a similar trip earlier in the month and communicated that to him. Review of the car's registration data, which the trooper ran before pulling the car over, revealed it to have characteristics known to be associated with drug trafficking.

At this point, the trooper had reasonable suspicion to justify prolonging the traffic stop to conduct a drug investigation. *See United States v. Smith*, 952 F.3d 642, 647-48 (5th Cir. 2020). Therefore, his subsequent actions in requesting the car's border crossing history and the assistance of a canine unit while he attempted to dispel this reasonable suspicion did not violate the defendants' Fourth Amendment rights. *See id.* at 647.

Given the foregoing, the judgment is AFFIRMED.

3